# Echols v. The State.

*Embazzlement.*

(Decided Jan. 13, 1909. 48 South. 347.)

1.—*Embezzlement; Agents; Relation.*—Where one party agreed to make a suit of clothes for another person for a certain price, part of which was to be paid in cash in advance and the rest in the future, but the party refused to deliver the clothes after the first payment was made except upon the payment of the balance due, and also refused to return the payments made, the relation of buyer and seller existed, and not that of principal and agent, so as to render the accused guilty of embezzlement under section 6831, Code 1907.

[Echols v. The State.]

*2. Principal and Agent; What Constitutes an Agent.*—An agent is one who undertakes to transact some business, or to manage some affair for another by the other's authority and to account to him for it; and as employed in the statute punishing embezzlement imports a principal, and implies employment, service, or delegated authority to do something in the name and stead of the principal.

APPEAL from Bessemer City Court.

Heard before Hon. WILLIAM JACKSON.

From a conviction for embazzlement, Sam Echols appeals. Reversed and remanded.

MATTHEWS & MATHEWS, for appellant. The appellant was entitled to the affirmative charge as requested in writing upon two theories; 1st, no embazzlement was pleaded, and 2nd, no agency within the meaning of section 2868, Code 1907, was shown.—*Pulliam v. The State,* 78 Ala. 31; *Hinderer v. The State,* 38 Ala. 419. The term, servant, clerk or employe, as used in the statute means that the relation between the parties are such that the employer has the right to order, demand, direct and control, and the employe has the duty of obedience and subjection.—15 Cyc. 496; 100 Cal. 466; 114 Jersey, 544; 59 Ind. 229; 22 N. Y. 245. The court erred in rerdering judgment on the verdict.—*Case v. The State,* 26 Ala. 18. The evidence presented a case for election.—*Black v. The State,* 83 Ala. 81; 22 Cyc. 407.

ALEXANDER M. GARBER, Attorney-General, and THOMAS W. MARTIN, Assistant Attorney-General, for the State. There was no error in the admission or exclusion of evidence.—*Ross v. The State,* 139 Ala. 144. Charges 9 and 10 were properly refused.—*Turner v. The State,* 97 Ala. 57. The defendant was properly an agent or employe under section 6828, Code 1907.— *Eggleston v. The State,* 129 Ala. 80. The affidavit is good.—*Holoman v. The State,* 39 South. 646.

4—8

SIMPSON, J.—The appellant was convicted of the offense of embezzlement; the affidavit charging that he, "being an agent, servant, or clerk of affiant, embezzled or fraudulently converted to his own use money to about the amount of $18, or fraudulently secretes, with intent to convert to his own use,. or to the use of another, $18 in money which has come into his possession by virtue of his office or employment." The evidence for the state, in its strongest light against the defendant, is that the defendant, being a tailor, agreed to make a suit of clothes for the prosecutor for a certain amount of money, part of which was to be paid in cash and the remainder to be paid in the future; that the prosecutor made the cash payment and demanded his suit of clothes; that defendant refused to deliver it without the payment of more money, and also refused to return his money.

This court said, in discussing a former statute (which was identical with section 6831 of the Code of 1907, in so far as the point involved is concerned), that an agent is "one who undertakes to transact some business or to manage some affair for another, by the authority and on account of the latter, and to render an account of it;" also that " 'agent,' as employed in this section, imports a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal."—*Pullan v. State,* 78 Ala. 31, 34, 56 Am. Rep. 21. The relation of principal and agent did not exist between the prosecutor and the defendant, but the relation of seller and purchaser. The defendant did not undertake to do anything in the name and stead of the prosecutor. The money was not placed in his hands to be used or cared for, and accounted for to the prosecutor, but was paid to him in part settlement for a suit of clothes, and thereby became the money of the defendant, to use as he pleased. Whatever other liability or penalty

the defendant may have incurred, he could not be convicted of embezzlement on the facts of this case. Consequently the defendant was entitled to the general charge, as requested and refused.

The judgment of the court is reversed, and the cause remanded.

HARALSON, ANDERSON, and DENSON, JJ., concur.