## CHARLESTON

STATE *v.* FRALEY.

Submitted September 6, 1912.   Decided October 15, 1912.

1.  EMBEZZLEMENT—*Property Subject—Bank Check.*
    A check on a bank is the subject of embezzlement under section 19, chapter 145, Code 1906.  (p. 100).

2.  SAME—*Indictment—Description of Check Embezzled.*
    "One check of the value of Forty-Two and 50/100 ($42.50) Dollars," in an indictment under said section 19, chapter 145, Code 1906, sufficiently describes a check charged to have been embezzled.  (p. 101).

3.  SAME—*Evidence of Agency.*
    The agency of one charged with the embezzlement of money or other property, under said section 19, chapter 145, Code 1906, is sufficiently established, by evidence showing that the agency related to but the single transaction of intrusting the property embezzled to the defendant; no previous relationship of principal and agent is necessary.  (p. 101).

4.  SAME—*"Agency"—Necessity of Compensation.*
    The agency thus established is within the statute on embezzlement, whether the contract of agency provides for compensation or not.  (p. 103).

5.  SAME—*Evidence.*
    Although the property (a check in this case) may have been voluntarily turned over to the defendant by his principal, for collection, he is guilty of embezzling it, if in obtaining possession thereof and before collecting it, he used fraud or deception in getting it, and had conceived the guilty intention of misappropriating it, or the proceeds thereof, and actually did so.  (p. 103).

Error to Circuit Court Cabell County.

Martin Fraley was convicted of embezzlement, and brings error.

*Affirmed.*

*R. L. Blackwood,* for plaintiff in error.
*William G. Conley,* Attorney General, for defendant in error.

71 W. Va.

MILLER, JUDGE:

On an indictment, in three counts, for embezzlement, the first two based on section 19, chapter 145, Code, the third a common count for larceny, defendant was found guilty, as charged in the indictment, of the embezzlement of "one check of the value of Forty-two and 50/100 ($42.50) Dollars", which the indictment in each count charges to have been the property of one Johnson McClure. And the judgment of the criminal court, on the verdict, affirmed by the circuit court, was that defendant be confined in the penitentiary for the period of two years.

Of the errors assigned here, the first is that the demurrer to the indictment, going to each count, should have been sustained. The ground of demurrer is, that a check, which at common law was not the subject of larceny, is not covered, in specific terms at least, by the statute.

It is true that a "check" is not, as in Virginia, specifically covered by our statute, and the question is, does it fall within any of the words of general description contained therein? The statute, among others, contains the general words, "security for money," and "any effects or *property* of any other person." The general rule is that penal statutes should be strictly construed. However, Mr. Bishop, 2 Bishop's New Criminal Law, section 357a, of his chapter on embezzlement, says: "Property—is a word quite flexible in meaning, and it is very broad in some connections. A statute making indictable the embezzlement of 'any money or property of another includes promissory notes, bills of exchange, and other 'property' of the like sort; such, for example, as shares of stock." A check is a bill of exchange, sometimes defined, an inland bill of exchange. *Cox* v. *Boone,* 8 W. Va. 506; *Purcell* v. *Allemong,* 22 Grat. 739; 2 Ency. Dig. Va. & W. Va. Rep. 406; 2 Words & Phrases, 1109. Our case of *Harvey Coal & Coke Co.* v. *Tax Commissioner,* 59 W. Va. 605, 609, says: "Anything capable of beneficial ownership is property." A check is certainly capable of such ownership. Before our present negotiable instruments law, section 189, chapter 81, Acts 1907, a check was held to constitute an equitable assignment *pro tanto,* of the funds in bank on which it is drawn. *Hulings* v. *Hulings Lumber Co.,* 38 W. Va. 351   And now, except as

otherwise provided, the usual rights pertaining to a bill of exchange apply. Section 185, chapter 81, Acts 1907. These authorities would seem to settle the question in favor of the sufficiency of the indictment.

Another point arising on the demurrer. but not presented by counsel, and which occurred to us in council, was that the check was probably not sufficiently described in the indictment to identify it and give the defendant notice; but when applied to the statutory offence of embezzlement the point seems to be without merit. *Whalen* v. *Com.*, 90 Va. 544; 25 Cyc. 77; *Com.* v. *Brettun*, 100 Mass. 206; *People* v. *Lovejoy*, 55 N. Y. Sup. 543.

On the merits, the first point of error, raised by defendant's motion to set aside the verdict of the jury and award him a new trial, is that there is no proof that defendant was an agent of McClure, within the meaning of the statute. The statute provides that "If any * * * * agent, clerk or servant of any firm or person, or company or association of persons not incorporated, embezzle or fraudulently convert to his own use, bullion, money, bank notes, security for money, or any effects or property of any other person, which shall have come into his possession, or been placed under his care or management, by virtue of his office, place or employment, he shall be guilty of larceny thereof." The proof is, not that defendant at the time the check in question was delivered to him by McClure was in some general employment of McClure, and by virtue of such agency, the check was turned over to him for collection, but that the agency covered the single transaction of intrusting the check to Fraley, for collection and accounting to McClure for the proceeds. Is such an agency covered by the statute? We think it is. At one time it was thought the employment should extend beyond one transaction. Now, says Mr. Bishop, 2 Bishop, New Cr. Law, section 346, the doctrine is "settled that the employment need not extend beyond the one transaction." We think this the proper interpretation of our statute.

It is argued, however, that as our case of *State* v. *Moyer,* 58 W. Va. 149, and other cases cited, hold the statute on embezzlement to have been enacted for the purpose of supplying what were regarded defects in the common law of larceny, and that in order to constitute the offence (embezzlement) "it is neces-

sary that the property embezzled should .come lawfully into the hands of the party embezzling, and by virtue of the position of trust he occupies to the person whose property he takes" we have given our statute a construction different from that stated by Mr. Bishop, and have said, in effect, that the trust relation must have been previously established and not one arising out of a single transaction, and therefore that the case at bar is not within the statute. The language of the Court must be considered in connection with the facts in the case before it. In that case the agency had existed for some time prior to the time of the offence charged against him. The Court did not say, nor intend to intimate, that an agency covered by the statute could not relate to a single transaction. We have decided with respect to attorney and client that the relationship begins as soon as the client has expressed a desire to employ the attorney and the latter has given his consent to act in that capacity. *Keenan* v. *Scott,* 64 W. Va. 137. We see no reason for a different rule of agency in the case at bar. So that, the relationship being thus established and property thereafter intrusted to the agent, he must be said to have received it by virtue of his employment, and that such a case falls clearly within not only the spirit but the letter of the law. The following cases so interpret statutes like ours, or apply the principle of agency enunciated: *State* v. *Barter,* 58 N. H. 604; *Wynegar* v. *State,* 157 Ind. 577, 62 N. E. 38; *People* v. *Butts,* 128 Mich. 208, 87 N. W. 224; *People* v. *McLeon,* 135 Cal. 306, 67 Pac. 770.

It is suggested that because there was no contract for compensation the relationship of agency was not established. One may agree to become an agent without compensation, and the relationship be thereby established. Definitions of agency include such agents. And the relationship, being one of trust and confidence, would fall within the statute relating to embezzlement. Black's Law Dict. page 50; 31 Cyc. 1190; I Am. & Eng. Ency. Law, (2nd ed.) 938; 1 Words & Phrases 262.

The second and last point is, that as the check was voluntarily turned over to defendant, whatever the nature of his employment, there could have been no embezzlement of the check, it having come to his hands directly from the master and not from a third person. Such seems to have been the English in-

terpretation given these statutes. 2 Bishop, New Cr. Law, section 365. But in section 366, following, the same authority shows that in this country the courts give these statutes a much wider range, making them cover fraudulent conversions of money or other property delivered to the agent, whether by the principal or in his behalf by a stranger. And in reason, says Mr. Bishop, this interpretation ought to be followed generally in this country; but adds: "It cannot, however, fully prevail in a State wherein there can be no conviction for embezzlement on facts which constitute a larceny." Now our statute makes one guilty of embezzlement guilty of larceny, and punishes him in the same way; the offence, by statute, being of the same grade. And 2 Bishop, New Cr. Law, section 328, says: "Where both crimes are of the same grade, it accords with established principles to hold that if an act is sufficiently covered by the terms of the statute, it is embezzlement, while still if before the statute came it was larceny, it remains such, and it may be indicted as the one or the other at the election of the prosecutor." And, "In fact", says he, "most of the statutes on this subject make embezzlement a felony, the same as larceny." Our statute makes it felony or misdemeanor according to the value of the money or property embezzled.

Apropos to the point just disposed of, it is contended, on authority of *State* v. *Edwards*, 51 W. Va. 220, that the taking of the check by defendant was not felonious, because the check was voluntarily delivered to him by McClure, and was not obtained by means of any fraud or device, so as to make the taking felonious, within the meaning of the *Edwards Case*. That case holds: "When possession is obtained by means of fraud, trick or device, so as to make the taking felonious, and the taker converts the property to his own use, the offense is common law larceny and a conviction may be had upon a common law indictment for larceny." The rule of this decision, we think, would hold good, where by some fraud or trick one has procured himself to be made the agent of another for the purpose of obtaining possession of the property and appropriating it or its proceeds to his own use. At first we had some difficulty with this question, in its application to the case at bar. Our inquiry was, should not the defendant have been indicted for embezzling the

money, the proceeds of the check, rather than the check itself? In Rapalje on Larceny and Kindred Offenses, section 385, page 513, we found reference to the Arkansas case of *Dotson* v. *State,* 51 Ark. 119, the doctrine of which is approved, holding that "one who is intrusted with a horse to sell, with the intention that he shall give the money received to the owner, is a bailee, within Mansf. Dig. § 1640, providing that, if any carrier or other bailee shall embezzle or convert to his own use any money, etc., which shall have come into his possession or been placed in his care, he shall be deemed guilty of larceny, although he shall not break, etc.; but, the proof being that he received a check which he collected entirely in paper currency, an indictment charging him with the conversion of certain paper currency, and certain pieces of gold, and in another count with the conversion of the check, does not sufficiently describe the money converted, and there being no embezzlement of the check, no conviction can be had." *Carr* v. *State,* 104 Ala. 43, 55, involved a check intrusted to a banking officer, who was indicted for embezzling money, the proceeds of the check. It appeared that this bank officer had sent the check to New York for collection, where the proceeds had been placed to the credit of his bank, and that in fact he had never had actual possession of any of the money. He was held not guilty of embezzlement of the money as charged; but the Alabama court says: "It may be that conceding the truth of this evidence, the defendant would still be guilty of embezzling the check, but that charge is not made in this case." The question so mooted could only be affirmed, it seems to us, on the theory that the criminal intent was present in obtaining the check, or before parting with it, and we think on the principles of our case of *State* v. *Edwards, supra,* if the evidence is sufficient to justify the jury in believing that the prisoner obtained the check by fraud and deceit, as it certainly tends to show, by falsely pretending he was a brother Odd Fellow, and in other professions of friendship, and with the intent to get away with the proceeds or any part of them, formed before parting with the check, as the jury may rightfully have concluded from the evidence, he was guilty of embezzling the check, as well as the money, and was liable to indictment and conviction of either offence.

Upon the foregoing considerations we are of opinion to affirm the judgment.

*Affirmed.*