# CHARLESTON

## STATE v. DEBERRY.

Submitted January 27, 1915. Decided February 16, 1915.

1. INDICTMENT AND INFORMATION—*Offenses Included in Charge.*

    An indictment for larceny may under section 19, chapter 145, serial section 5210, Code 1913, be supported by evidence showing embezzlement by defendant of the property alleged to have been stolen, and that the agency or service relied on related to but the single transaction of entrusting the property embezzled to defendant. (p. 633).

2. LARCENY—*Variance—Proof of Possession.*

    On the trial of one charged with the larceny or embezzlement of goods proof of actual or constructive possession of the goods by the one alleged in the indictment to be the owner thereof is sufficient. (p. 635).

3. SAME—*Instructions—Elements of Offense.*

> If on the trial of one charged with larceny or embezzlement of goods, the jury are instructed to find a certain way, all elements necessary to constitute the offense must be included therein, and particularly the element of intent to steal or embezzle such goods. (p. 635).

4. SAME—*Elements of Offense—Intent.*

> Other instructions given and refused considered and disposed of on familiar rules and principles. (p. 637).

Error to Circuit Court, Cabell County.

P. J. DeBerry was convicted of larceny, and brings error.
*Reversed and new trial awarded.*

*Jean F. Smith* and *Doolittle, Copen & Davis,* for plaintiff in error.

*A. A. Lilly,* Attorney General, and *John B. Morrison* and *J. E. Brown,* Assistant Attorneys General, for the State.

MILLER, JUDGE:

The indictment on which defendant was found guilty, and by the judgment complained of adjudged to serve a term of two years imprisonment in the penitentiary, charges him with unlawfully and feloniously stealing, taking and carrying away, three rugs, of the value of thirty dollars, the goods, chattels and property of one B. B. Burns, against the peace and dignity of the State.

Our statute, section 19, chapter 145, serial section 5210, Code 1913, among other things, declares it to be larceny, for any agent, servant, etc., of any person to embezzle or fraudulently convert to his own use any effects or property of any other person which shall have come into his possession by virtue of his place or employment. In *State* v. *Fraley,* 71 W. Va. 100, we decided that an offense under this statute is sufficiently established by evidence showing that the agency or service related to but the single transaction of entrusting the property embezzled to defendant. And an indictment for larceny is supported by proof of the embezzlement of the property alleged to have been stolen. *State* v. *McClung,* 35 W. Va. 280; *Pitsnogle* v. *Com.,* 91 Va. 808; *Shinn* v. *Com.,* 32 Grat. 899.

To convict, the State relied on the evidence of Burns, to the effect that DeBerry, a colored man, and a professional rug and carpet cleaner in the City of Huntington, had applied to him, the secretary and treasurer of certain corporations, for the job of cleaning some rugs in the offices of said companies, then in his charge, and that Burns had agreed with DeBerry that he should get one of the rugs after 5 o'clock, P. M., of the same day, and clean and return it before office hours the next morning, and if his work should prove satisfactory he was then to get the other rugs and clean and return them, all for the price of three dollars. The State also showed by Burns and other witnesses, that about 5 o'clock that evening defendant got all three rugs from the offices of these companies, and with the assistance of the elevator boy took them down on the elevator to the ground floor, and out on the sidewalk at the entrance of the office building, where he left them, to go to a nearby stable kept by Womeldorff to get a transfer to haul them to his place of business, and where he also lived; that afterwards, the same evening, defendant offered to sell the rugs first to Womeldorff, then to a saloon keeper, and also to a druggist in the vicinity of the building where he had the rugs, but that neither of the offers was accepted, and the rugs were not sold, and that when arrested, defendant told the police officers where he had gotten the rugs and for what purpose, and that he was taken them home to clean them, and to return them to the owner the next morning as he had agreed.

Defendant in his own behalf swore that his agreement with Burns was to take all three rugs at the same time, and clean and return them the next morning for the one stipulated price of three dollars; and that after removing the rugs to the sidewalk, not being able to get a transfer he returned to the rugs on the sidewalk, and afterwards carried them one by one to Womeldorff's stable, and later in the evening returned to the stable and got one of the rugs on his shoulder and started up the alley towards his home or place of business, when he was immediately arrested by a policeman, to whom Womeldorff had given information of his suspicions that something was wrong with defendant's action, and was taken to police headquarters adjoining or near Womeldorff's stable,

where the rugs were also taken, and left until they were claimed by Burns the following morning.

The evidence of the State and of DeBerry shows conclusively that DeBerry was quite drunk, so much so that he was scarcely able to walk straight, and DeBerry swears that his proposals to sell the rugs were in jest, to use his own language, that he was "just kidding", and acting as a man in his condition was likely to act; that if he had wanted to steal the rugs he had plenty of opportunities to do so, and would not have gone about the police station to accomplish his object; that he had no intention of selling the rugs, would not have sold them if his proposals had been accepted, but intended to perform his contract, and take the rugs back to the offices where he got them the next morning. This is substantially all the evidence in the case.

The first point of error is that the allegata and probata do not agree, the allegation of the indictment being that the rugs alleged to have been stolen were the property of B. B. Burns, and the proof that they belonged to the two corporations, of which Burns was secretary and treasurer. But the proof is that at the time of the alleged offense the actual or constructive possession of the property was in Burns alleged to be the owner thereof. This is sufficient. Wherefore no variance. *State v. Chambers*, 22 W. Va. 779; *State v. Heaton*, 23 W. Va. 773.

The next point is that the court below erred in giving State's instructions numbers 1 and 4, the only instructions given at the instance of the State. Number 1, was predicated on the theory that Burns had given DeBerry right to move only one of the rugs; number 4, based on defendant's evidence, that he had been given the right to remove all three rugs. The first told the jury that if defendant moved the three rugs and took and carried them away, and tried to sell them, they should find him guilty, and if of the value of more than twenty dollars, guilty of grand larceny. The fourth told the jury that if DeBerry was entrusted with the rugs to clean them and for that purpose alone, and tried to sell them and exercised acts of ownership over them, though he did not sell them, he was guilty of embezzlement, and they should so find.

We think each of these instructions is bad, and that they call for reversal, as they both omit the very important element of intent to steal or embezzle, and therefore ignore the theory of defendant covered by his testimony, that his proposals to sell were in jest and without any intent whatever of wrongfully or unlawfully selling the rugs. In *State* v. *Moyer,* 58 W. Va. 146, this court held, point two of the syllabus, among other things, that in embezzlement it is necessary to show that the conversion of the property was with intent to deprive the owner thereof. In 3 Brickwood's Sackett on Instructions, section 4591, it is said: ''Embezzlement is the fraudulently removing and secreting of money or personal property with which the party has been intrusted, for the purpose of applying it to his own use.'' In section 4592, of the same work, it is said that, if the jury is instructed to find a certain way all elements must be included. And the author refers to an instruction disposed of in *Higbee* v. *State,* 74 Neb. 331, which was there condemned because it omitted to cover the element of intent. Under the authorities we think the instructions under consideration are clearly bad and should have been rejected as not fully covering the law governing the case.

Besides these objections to State's instructions, it is very doubtful whether if otherwise good, they are justified by the evidence. To be guilty of embezzlement, one must ''convert'' to his own use the money or goods entrusted to his care. The statute uses the word ''convert''. What will amount to such conversion? It will be noted that the time for defendant to return the rugs had not expired. They were not to be delivered until the next morning. That was his contract. He proposed to sell the rugs, but had not done so. He had stored them in Womeldorff's stable, and this is the only evidence in any way tending to show conversion, or intent to deprive the owner of his property. See *Penny* v. *State,* 88 Ala. 105. Many definitions of conversion are found in the books. 2 Words & Phrases, 1562, et seq.; 1 Words & Phrases, (2nd Series) 1030, et seq. The most comprehensive of these definitions, and perhaps the most accurate, is found in 1 Bouvier's Law Dict., (Rawle's 3rd Revision) 668, and in Black's Law Dict., (2nd ed.) 267, as follows: ''An unauthorized assump-

tion and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's right.'' Does the evidence bring defendant's acts clearly within this definition of conversion? We do not think it does. But the evidence may be different on another trial and we ought not conclude the State perhaps by any further comment on the sufficiency of the evidence.

Error is also assigned in the refusal of the court to give defendant's instructions numbered 1, 2, 4, .5, and 6. We have examined these instructions and are of opinion that they are bad and were properly rejected. With respect to the first and second, it was not necessary that defendant should have intended at the time of taking the rugs to deprive the owner of them, but if after obtaining them he conceived the purpose and intent to unlawfully appropriate them to his own use, and did convert them within the meaning of our statute, the crime was complete, although he may not have. succeeded in getting away with the goods. With respect to instruction number 4, it is not necessary in cases of embezzlement that defendant should have been guilty of trespass in removing personal property in the first instance, if after obtaining possession thereof lawfully he conceived the intent and purpose to deprive the owner thereof, and effected a conversion of the goods, his crime was complete. With respect to instructions numbers 5 and 6, they did not properly state the law relating to proof of ownership, already referred to, and were properly rejected.

For the errors noted we are of opinion to reverse the judgment, and to award defendant a new trial.

*Reversed and new trial awarded.*