[Criminal No. 476.  Filed February 25, 1920.]

[187 Pac. 577.]

## MILTON HALL, Appellant, v. STATE, Respondent.

1. EMBEZZLEMENT—MESSENGER WHO APPROPRIATED PART OF MONEY GUILTY.—Defendant to whom complaining witness delivered $800, with instructions to take same to C. and pay it to him for a certain purpose, was, where he paid to C. only $60 and appropriated the remainder, guilty of embezzlement under Penal Code of 1913, section 503.

2. EMBEZZLEMENT—INSTRUCTION DEFINING AGENT PROPERLY REFUSED. In prosecution for embezzlement under Penal Code of 1913, section 503, where it was clear that defendant was an agent within such section, the court properly refused instruction as to who is an agent within the section.

3. EMBEZZLEMENT—WORD "AGENT" TO BE CONSTRUED IN POPULAR SENSE. The word "agent," in Penal Code of 1913, section 503, defining embezzlement, is to be construed in its popular sense (section 7, subdivision 17), and when so construed means "one who undertakes to transact some business or to manage some affair for another by the authority and on account of the latter and to render an account of it."

APPEAL from a judgment of the Superior Court of the County of Cochise.  Alfred C. Lockwood, Judge.  Affirmed.

Mr. J. T. Kingsbury, for Appellant.

Mr. Wiley E. Jones, Attorney General, Mr. Louis B. Whitney, Assistant Attorney General, and Mr. R. N. French, County Attorney, for the State.

BAKER, J.—The appellant was informed against for the crime of embezzlement, and on plea of not guilty was tried, convicted and sentenced, and to reverse the judgment and sentence and for the award of a new trial this appeal was taken.

The information was framed under paragraph 503 of the Penal Code, which is as follows:

"Every trustee, banker, merchant, broker, attorney, agent, assignee in trust, executor, administrator, or collector, or person otherwise intrusted with or having in his control property for the use of any other person, who fraudulently appropriates it to any use or purpose not in the due and lawful execution of his trust, or secretes it with a fraudulent intent to appropriate it to such use or purpose, is guilty of embezzlement."

The information charges:

" . . . That the said Milton Hall, on or about the 29th day of August, 1918, . . . being then and there the agent of one Thomas Valerio, and by virtue of said agency the said Milton Hall, as such agent, then and there came into possession, custody, and control of money of the value of $740, the personal property of the said Thomas Valerio, and while in possession of and having in control said money, as agent aforesaid, did then and there, to wit, . . . on or about the 29th day of August, 1918, and while still agent, as aforesaid, willfully, unlawfully, fraudulently, knowingly, and feloniously, use and appropriate the personal property aforesaid to a use and purpose not in the due and lawful execution of his trust, but to his own use and purpose."

After the verdict of guilty was found by the jury, and before judgment was pronounced the appellant made a motion for a new trial in writing on the alleged ground of error by the court in refusing to charge the jury as requested by appellant, and that the verdict was not sustained by sufficient evidence. The motion was overruled, and thereupon the appellant was sentenced to imprisonment in the state prison for the term of not less than three nor more than ten years.

The evidence offered by the state in support of the charge, briefly stated, tends to show that the complaining witness Valerio delivered to appellant $800, with instructions to take the money to one Campos and pay it over to him for his interest in certain

mining properties situated in the Dragoon Mountains, Cochise county. It is conclusively shown that the appellant only paid to Campos $60, and that he appropriated the remainder of the money ($740) to his own use. The evidence was amply sufficient to sustain the conviction, and unless some prejudicial error in law occurred during the course of the trial the judgment must be affirmed.

The principal complaint made in the assignments of error is based upon the refusal of the court to give the following instruction to the jury:

"I further instruct you in this connection where the duty assumed is not compulsory, or noncompulsory, or merely voluntary, or an occasional duty, and there is no power in the prosecutor to control the actions of the agent, then the agent is not an agent within the meaning of the statute defining embezzlement, and in the case at bar if you find that there was a noncompulsory duty, and not a fiduciary relation between the prosecuting witness and defendant, you should acquit the defendant, although other elements of the embezzlement are fully proven."

The term "agent" has a wide application and comprehends many classes of persons. As used in paragraph 503 of the Penal Code, it is to be construed in its popular sense.

"Words and phrases must be construed according to the context and approved usage of the language; but technical words and phrases, and such others as may have acquired a peculiar and appropriate meaning in law, must be construed according to such peculiar and appropriate meaning." Pen. Code, § 7, subd. 17.

In a popular sense, the term "agent" means:

"One who undertakes to transact some business or to manage some affair for another by the authority and on account of the latter, and to render an account of it." *Pullam* v. *State,* 78 Ala. 34, 56 Am. Rep. 21; *Echols* v. *State,* 158 Ala. 48, 48 South. 347; 1 Words & Phrases, 2d ed., 156.

The agency need not be permanent. It may be occasional or temporary, or to make a single transaction. 2 Bishop on New Criminal Law, § 346; *State v. Fraley*, 71 W. Va. 100, 42 L. R. A. (N. S.) 498, 76 S. E. 134.

It may be gratuitous and without consideration. 1 Mechem on Agency, § 1223; 9 R. C. L., § 22; *State v. Fraley, supra.*

The relation (agent) is usually a voluntary one. No one is bound to be the agent of another against his will. The idea of compulsion is foreign to the relation. 1 Mechem on Agency, § 28.

The application of these definitions to the simple facts in the case makes it clear and undisputable that the appellant was an agent within the meaning of paragraph 503, Penal Code, and that the requested instruction was properly refused.

Valerio, reposing confidence and trust in the appellant, employed him to take the money to Campos for a certain purpose. The appellant voluntarily accepted the trust, and in the discharge of the 'duties thereof he was acting for and in the place and stead of Valerio. No question of control was involved in the employment. The appellant was simply an errand boy, and certainly an errand or messenger boy may be guilty of embezzlement of money intrusted to his care to be delivered to another. The fact that the service was gratuitous on the part of the appellant, and was confined to a single transaction, did not alter or change his status.

We see no error in the record and proceedings of the court below, and its judgment and sentence are affirmed.

CUNNINGHAM, C. J., and ROSS, J., concur.