# CHARLESTON.

## STATE v. D. F. WORKMAN.

### Submitted October 3, 1922.   Decided October 10, 1922.

1. INDICTMENT AND INFORMATION—*One Under Common Law Indictment for Larceny May be Convicted on Evidence Showing Embezzlement.*

   Under section 19, chapter 145, Code, providing that if any officer of any county in this state embezzle or fraudulently convert to his own use, bullion, money, bank notes, security for money, or any effects or property of any person, which shall have come into his possession, or been placed under his care or management, by virtue of his office, place or employment, he shall be guilty of larceny thereof, one under common law indictment for larceny may be convicted for that offense by evidence showing that he embezzled the property alleged to have been stolen.   (p. 773.)

2. EMBEZZLEMENT—*County Officers, Converting to Own Use Credits or Demands of County for Money Constructively in Their Possession Guilty of Larceny.*

   Within the meaning of the statute, property belonging to the county, consisting of credits or demands for money against the sheriff of the county, is placed under the care or management of the President and Commissioners of the county court of the county, by virtue of their office; and although such credits or demands may not come into their actual possession, if the President or any of the Commissioners of the county court embezzle or fraudulently convert to their own use any of such credits or demands they are guilty of the larceny thereof.   (p. 773.)

Error to Circuit Court, Raleigh County.

91 W. Va.

D. F. Workman was convicted of stealing certain moneys belonging to the county of Raleigh, and he brings error.

*Affirmed.*

*C. M. Ward, A. P. Farley, Hugh A. Dunn,* and *J. Q. Hutchinson,* for plaintiff in error.

*E. T. England,* Attorney General, *R. A. Blessing,* Assistant Attorney General, *J. W. Maxwell* and *Osenton & Lee,* for the State.

MEREDITH, JUDGE:

Defendant was convicted of feloniously stealing certain moneys belonging to the county of Raleigh. The sufficiency of the indictment is not challenged here. The first and main ground of error relied on is that the evidence adduced does not correspond to the charge in the indictment and is insufficient to support the verdict.

The record shows that the defendant and one, Stover, were commissioners of the county court of Raleigh County; that the county court was about to purchase a poor farm; that the two commissioners were informed by C. L. Lilly that as agent he had a farm for sale belonging to S. W. Trail that would be suitable for the purpose. The two commissioners went with Lilly and made an examination of the farm. Lilly testifies that under the arrangement he had with Trail, Trail was to receive $8,850 for the farm, and Lilly was to receive all over that sum, if a sale should be made; that he so informed the two commissioners, and that an arrangement was entered into between him and them whereby they were to vote for the purchase of the farm by the county court at the price of $12,500, and the difference in the price Trail was to receive and the price the county court was to pay, or $3,650, was to be divided equally between Stover, Lilly and Workman; that the arrangement was carried out, at least in part. The commissioners voted for the purchase, the president of the court voting against it, the deed for the farm was executed by Trail, accepted by the court, and the clerk of the court was directed to issue an order on the sheriff for $12,500 in favor of Trail in payment. The order was issued to Trail,

presented by him to the sheriff, endorsed and made payable
by the sheriff at the Bank of Raleigh. Trail had it presented
at the Beckley National Bank, the $8,850 was credited to his
account, and the balance of $3,650 was paid to him or his
attorney in cash, who immediately thereafter paid that sum
to Lilly, as his commission of profit. Lilly testifies that he
gave the defendant out of this fund $2,500; $1,000 of it was
to be paid by him to Commissioner Stover as his share;
$1,000 was to be retained by the defendant as his share; and
$500 was to be paid to Quincy Stover, who had been induced
to withdraw from the consideration of the court certain farms
which he had priced to the court.

The county clerk produced and there was admitted in
evidence the records of his office showing the qualification of
the commissioners, the order for the purchase of the farm,
acceptance of the deed, and direction to issue the order for
$12,500, which order was adopted by the county court on
the vote of the two commissioners. There was also admitted
in evidence a copy of the deed, and the original order or
draft for the payment, endorsed by Trail. This was pro-
duced from the clerk's office where it appears it had been
used in settlement with the sheriff on July 31, 1919. Trail
testified that he was to receive $8,000 or $9,000 for the farm,
and that Lilly was to receive all it sold for above that price;
that he received the order for $12,500, endorsed it, and
through his attorney got it cashed and paid Lilly the amount
owing to him. He does not disclose whether he knew any-
thing of the arrangement made between Lilly and Workman
and Stover. Workman and Stover both deny all the mate-
rial statements of Lilly, and deny having received any part
of the money. The jury found the defendant guilty of the
larceny of $1,000, property of the county of Releigh.

There is sufficient evidence to support the finding of the
jury, if the acceptance of the money under the circumstances,
constitutes the crime of larceny, that being the crime for
which the defendant was indicted and tried. Section 19,
chapter 145 of the Code, provides : ''If any officer  *  *  *
of any county  *  *  *  embezzles or fraudulently converts

to his own use. bullion, money, bank notes, security for money, or any effects or property of any other person which shall have come into his possession or been placed under his care or management by virtue of his office, place or employment, he shall be guilty of larceny thereof."

It was held in the case of *State* v. *DeBerry,* 75 W. Va. 632, 84 S. E. 508, that an indictment for larceny under this section may be supported by evidence showing embezzlement of the property alleged to have been stolen; and in *State* v. *Moyer,* 58 W. Va. 146, 71 S. E. 102, that under this section, in order to constitute the crime of embezzlement it is necessary to show: (1) the trust relationship of the person charged, and that he falls within the class of persons named; (2) that the property or thing claimed to have been embezzled or converted is such property as is embraced in the statute; (3) that it is the property of another person; (4) that it came into the possession, or was placed in the care of the accused, under and by virtue of his office, place or employment; (5) that his manner of dealing with or disposing of the property constituted a fraudulent conversion and an appropriation of the same to his own use; and, (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof.

The evidence discloses: (1) that the defendant is one of the commissioners of the county court of Raleigh county, in other words, he falls within the class of persons named in the statute; (2) that the property converted to his own use was a security for money, a debt owing to the county, and satisfies the statute in this respect; (3) that it was the property of the county of Raleigh; (4) that it was placed in the care or management of the accused, under and by virtue of his office as one of the commissioners of the county court; (5) that his manner of disposing of it constituted a fraudulent conversion and appropriation of the same to his own use; and, (6) that the conversion of the property to his own use was with the intent to deprive the owner thereof. One definition given by Webster for "security" is: "An evidence of debt or property, as a bond, stock certificate, or other instru-

ment, etc.; a document giving the holder the right to demand and receive property not in his possession.'' The general fund of the county of Raleigh had credit for $12,500, a demand for that amount against the sheriff. It was deposited at the Bank of Raleigh. That fund was under the care and management of the county court, consisting of its president and the two commissioners. It could not be paid out without their order. This credit or demand was a security for money within the meaning of the statute. It was appropriated by the vote of the commissioners. It makes no difference that the fund, when appropriated, was not in their actual possession. One who embezzles, under the statute, is guilty of larceny. While the defendant may not have been guilty of common law larceny, the proof shows him guilty of larceny under the statute.

Defendant complains that certain documentary evidence above mentioned was introduced through the testimony of the county clerk. We see nothing in this point. He was the custodian of these papers, identified them, and it was proper to introduce them through him. That he, instead of counsel, read them to the jury was not error.

Nor under the facts shown was it error to exclude evidence offered by defendant to show that the farm was worth $12,500; that was not the question involved; the defendant was not and could not be indicted for mere error in judgment. Had it been worth twice that amount, it was the duty of the county court to pay no more for it than necessary, and no member of the court could take part in the purchase and make a profit out of the transaction, without making himself liable. For this reason, defendant's instruction No. 13 was properly refused.

We affirm the judgment.

· *Affirmed.*