STATE OF WEST VIRGINIA *v.* ASA HOLLEY

(No. 7858)

Submitted October 23, 1934. Decided October 30, 1934.

*Poffenbarger & Poffenbarger,* for plaintiff in error.
*Homer A. Holt,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for the State.

WOODS, PRESIDENT:

Asa Holley was found guilty of the larceny of a certain quantity of Red Cross flour of a value in excess of $20.00, and sentenced to confinement in the penitentiary for a period of two years. He brings error.

It appears that defendant acted in the capacity of assistant to the Hannan district chairman of the local Mason County Chapter of Red Cross, from August, 1932, to June 25, 1933. During such period he was charged with the distribution of certain consignments of flour to the needy and destitute in his district. As a result of numerous complaints from residents in the district with

reference to defendant's stewardship, a search warrant was issued, upon the complaint of the district chairman, Clyde Keister, and the same executed on Sunday, June 25, 1933, by the sheriff and his deputies, in the presence of Keister. According to state's witnesses, the defendant, upon being apprised of the purpose of the sheriff's visit, denied having on his premises any flour belonging to the Red Cross; and, at every step of the search which followed, made statements which further search required him to retract. The defendant, while admitting that he may have made the false statements attributed to him by the members of the searching party, states that such were the result of fright. In order to meet testimony of the state to the effect that he had made representations that he had no flour, defendant stated that he told the district chairman about two weeks prior to the search that he had about ninety-five sacks of flour and that he needed sacks to put it in. This latter statement was denied by Keister.

The state's case was based on the theory that the manner in which the defendant held the flour amounted to a conversion within the meaning of the statutory definition of embezzlement. Code 1931, 61-3-20. Plaintiff in error, however, contends that a demand and a failure to account for flour in his possession are necessary to establish a conversion; that a demand was not made; and that in the absence thereof he was the lawful custodian of the property at the time it was yielded up to officers.

The evidence of the state bearing on the issue of conversion is to the following effect: Upon being confronted with the search warrant, defendant, in the presence of district chairman Keister, denied having any flour in his possession, and for the purpose of verification, took the officers to the room where he stated he was accustomed to store the same; that there was evidence of flour having been stored in the room, but no flour; that upon examination of the closet under the steps leading to the room just mentioned, thirty-one 24# sacks of flour were found secreted behind a separate compartment, blocked off by building paper, with no door or other means of

access thereto; that defendant denied knowledge of such compartment, and stated that the flour must have been put there by members of his family; that defendant denied knowledge of the whereabouts of the key to the outbuilding, but upon being informed that the lock would be forced, presented the same; that defendant told the officers that the ten 100# sacks found in the outbuilding contained "middlings"; that an examination revealed that it was flour; that a swill bucket was found nearby containing evidence of flour; that the white substance around the feed trough in the hog pen claimed by defendant to be lime, proved, upon investigation, to be flour. There was also evidence to the effect that defendant had told the county chairman around the first of June, 1933, that he had only four sacks of flour; that Mrs. Barker, a woman who had formerly been furnished flour, a short while prior to the search was told by defendant that he had no flour in his possession; that this statement was reiterated in the presence of other witnesses at a nearby store, after defendant had watched Mrs. Barker purchase a bag of flour.

Do not the facts testified to by state's witnesses disclose but one inference, namely, that the defendant had in fact converted said flour to his own use? that he had a present intent to withhold it from the rightful owner? Do they not show actual conversion? "An unauthorized assumption and exercise of the right of ownership over goods or personal chattels belonging to another, to the alteration of their condition or the exclusion of the owner's right," amounts to a "conversion". *State* v. *De-Berry,* 75 W. Va. 632, 84 S. E. 508. Whether or not a demand is necessary to establish such conversion under our statute depends upon the circumstances of the particular case. *State* v. *Moyer,* 58 W. Va. 146, 52 S. E. 30. According to the state's evidence all flour fed to the hogs was unquestionably converted to defendant's own use. This fact in itself has a very significant bearing on whether defendant fraudulently converted the flour mentioned in the indictment. Although the latter flour was surrendered, such surrender was the result of a diligent

search following the defendant's denial that he had any flour. The effort at concealment is a potent fact in prosecutions of this kind. Defendant's position as an officer of the Red Cross placed upon him the high duty of making proper distribution of all flour coming into his hands. His concealment of the flour mentioned in the indictment, when coupled with the fact that he endeavored through falsehood to keep the officers from finding it, as well as prior statements that he had no flour, justifies the conclusion that the same had been fraudulently converted to his own use.

The court gave the one instruction offered on behalf of the state. It told the jury, in effect, that if they believed beyond a reasonable doubt that the accused was a sub-district chairman and that he came into possession of a certain quantity of flour by virtue of such position, for the purpose of distributing same to the destitute and needy of the district, and that he fraudulently converted the same to his own use, then it was their duty to find the defendant guilty as charged in the indictment. Defendant insists (1) that there was no evidence of conversion upon which to base it; and (2) that it did not attempt to point out the specific circumstances relied upon to constitute a conversion. The first objection, according to our view of the evidence, is of course clearly unfounded. As to the second, we are of opinion that the instruction correctly stated the law with reference to the case. In the case of *State* v. *Moyer, supra,* this Court held that: "On a trial for embezzlement it is not error to instruct the jury that if the money, or any portion of the money alleged to have been embezzled, came into the defendant's hands as the agent of and in behalf of his principal, and that he fraudulently converted the said money, or some portion of the same to his own use, that he would be guilty of the embezzlement thereof." In other words, an allegation that a person fraudulently did a certain thing is equivalent to a charge that the thing was done with intent to defraud. *West* v. *Wright,* 98 Ind. 335. The mere fact that the instruction fails to detail the several circumstances essential to establish a fraudulent

conversion in the particular case, does not necessarily render it improper. As long as the instruction, standing alone, does not tend to confuse, defendant cannot complain.

Defendant's instruction No. 1, prior to the deletion of certain portions by the court, told the jury that if a person embezzle or fraudulently convert to his own use any effects, etc., that he shall be guilty of larceny thereof; that to constitute a conversion so as to make it a case of embezzlement, the owner must be deprived of his property, or money by an adverse using or holding, and that the mere secreting of property with intent to convert is not sufficient to constitute the offense; *and that if they believe from the evidence in the case, that the owner of the flour in the indictment in this case was not deprived of said property by an adverse using or holding that then they should find the defendant "not guilty" even though they believe from the evidence that the flour in question was secreted with intent to convert it.*

Counsel for the defendant urge that it was the purpose of the italicized portion, which was omitted by the court, to distinguish between actual and immediate conversion and intent to effect a future conversion. We do not so read the omitted portion. It, in fact, told the jury that the concealment of goods with intent to convert was not a fraudulent conversion. If the defendant had the intent to convert and at the same time concealed the flour in the manner disclosed by the evidence, certainly such acts and intent would constitute a fraudulent conversion and appropriation of the property to his own use. Of course, the concealing of the property alone may, or may not, amount to a conversion, depending on the intent inferable therefrom; but concealment with intent to convert the property to one's own use does amount to a fraudulent conversion thereof. The omitted portion was properly excluded. The disposition of this instruction answers objection to deletions of similar import in the other two instructions.

Perceiving no prejudicial error, we affirm the judgment.

*Affirmed.*