BOOKOUT, Judge.
Embezzlement, § 13-3-20; sentence: ten years’ imprisonment.
In May 1979 appellant opened Miscellaneous Furniture Company in Montgomery, Alabama, while he was a fugitive attempting to avoid a four to twenty-five year jail sentence in Ohio. In June, Debra Mowery purchased a $234.99 three-piece living room suite from the appellant and gave his employee a $120 cash deposit. Ms. Mowery was given a receipt for the payment. Appellant informed her that he would have to order the furniture and that it should reach Montgomery in about two weeks. At that time Ms. Mowery would pay the balance of the purchase price due.
Not long after this transaction occurred, appellant disappeared. He told his employees that he was flying to Washington, D.C., for the weekend to be married and would be back on Monday, but he never returned. At trial appellant testified that he had discovered that a man hired to make deliveries for him worked during the daytime as a deputy sheriff. Appellant feared that Montgomery authorities were about to arrest and send him back to Ohio to serve his sentence so he concocted the Washington story to “cover his trail.” Instead, he went *170 to Colorado and set up a similar “business” there. After a brief time, he moved to Oregon and started another “business” which he continued until he was arrested on warrants from Alabama. Appellant jumped bond in Oregon and fled to California opening two more businesses there before authorities finally caught up with him and concluded his shamming enterprises.
Appellant admitted withdrawing money from the furniture company bank account when he absconded from Alabama. The State presented testimony from several witnesses who were similarly swindled by the appellant to show a pattern of illegal conduct. Furniture company employees testified that these “down payments” were either converted to one hundred dollar bills and handed over to the appellant or were deposited to the company bank account. An investigating police officer declared that at least fifty-four people complained to Montgomery authorities about appellant’s business activities. .
Omitting the formal parts of the complaint, appellant was indicted as follows:
“David Merrl ... the agent, and/or fiduciary of Debra Mowery did embezzle or fraudulently convert to his own use, or to the use of another, or fraudulently secrete with intent to convert to his own use, or to the use of another, money and checks, or money or checks to the amount of about $120.00 and of that value, which said money and checks or money or checks had come into his possession by virtue of his agency and/or fiduciary relationship with Debra Mowery.... ”
Appellant contends that the State failed to prove a prima facie case of embezzlement. We agree.
Embezzlement is a statutory criminal offense. Section 13-3-20, Code of Ala. 1975; Benefield v. State, 46 Ala.App. 592, 246 So.2d 479 (1970), reversed, 286 Ala. 722, 246 So.2d 483 (1971). The State must prove two essential elements: first, a breach of trust in respect of money, property, or effects in the defendant’s possession belonging to another; secondly, the wrongful or fraudulent appropriation thereof to his own use. Adams v. State, 43 Ala.App. 281, 189 So.2d 354, cert. denied, 280 Ala. 707, 191 So.2d 372 (1966). “In order to justify the submission of the case to the jury, it is necessary that there should be proof of at least some act from which the court can infer that the offense was committed.” Benefield, supra, at 484.
In order to convict the appellant of embezzlement, it is essential that the State establish beyond a reasonable doubt the requisite relationship between the appellant and the prosecuting witness, Debra Mowery. Hill v. State, 48 Ala.App. 240, 263 So.2d 696 (1972). The State failed to prove an agency or fiduciary relationship between them. The term “agent” as used here is to be construed in its popular sense; meaning one who undertakes to transact some business, or to manage some affair for another, by the authority and on account of the latter, and to render an account of it. Rogers v. State, 37 Ala.App. 8, 65 So.2d 525 (1952), cert. denied, 259 Ala. 124, 65 So.2d 531 (1953).
In Echols v. State, 158 Ala. 48, 48 So. 347 (1909), in a fact situation similar to that in the instant case, the supreme court found no embezzlement was committed. In that case Echols was a tailor who accepted a down payment on a suit of clothes, but never delivered the suit as promised. The court stated:
“[A]n agent is ‘one who undertakes to transact some business or to manage some affair for another, by the authority and on account of the latter, and to render an account of it’; also that ‘ “agent,” as employed in this section, imports a principal, and implies employment, service, delegated authority to do something in the name and stead of the principal.’— Pullan v. State, 78 Ala. 31, 34, 56 Am. Rep. 21. The relation of principal and agent did not exist between the prosecutor and the defendant, but the relation of seller and purchaser. The defendant did not undertake to do anything in the name and stead of the prosecutor. The money was not placed in his hands to be used or cared for, and accounted for to the prose *171 cutor, but was paid to him in part settlement for a suit of clothes, and thereby became the money of the defendant, to use as he pleased. Whatever other liability or penalty the defendant may have incurred, he could not be convicted of embezzlement on the facts of this case.... ”
The relationship of principal and agent did not exist between Ms. Mowery and appellant, but rather the relationship of buyer and seller. Echols, supra; Boyd v. State, 41 Ala.App. 507, 138 So.2d 60 (1962). Appellant did not undertake to do anything in the name and stead of Ms. Mowery. The money was not placed in his hands to be used or cared for, and accounted for to her, but was paid to him in partial satisfaction for the purchase of furniture, and thereby became the money of the appellant to use as he pleased. Appellant did not fraudulently convert the money to his own use — it belonged to him.
The crime of embezzlement often overlaps with the offenses of larceny and obtaining property by false pretenses. Rogers, supra. We are aware that if the elements essential to constitute embezzlement are present, an accused is nonetheless guilty thereof even though the elements of other offenses are also present. Such is not the case here. Whatever other liability or penalty the appellant may have incurred in the course of his spurious business enterprise, he could not be convicted of embezzlement on the facts presented by the State in the instant case.
REVERSED AND RENDERED.
All the Judges concur.