# Holt v. The State.

### Indictment for Receiving Stolen Goods.

1. *Sufficiency of indictment.*—An indictment for receiving stolen goods (Code, § 3794) must not only aver knowledge of the fact that they had been stolen, but must negative the intent to restore them to the owner—"not having the intent to restore them to the owner;" and the use of the word *feloniously*, in describing the act, does not cure the omission.

FROM the City Court of Mobile.

Tried before the Hon. O. J. SEMMES.

The indictment in this case charged, in several counts, that the defendant "feloniously received," or "feloniously bought," or "feloniously bought, or concealed, or aided in concealing, one bed-tick, of the value of $1.50, the personal property of Adam Glass, before then feloniously taken and carried away, then and there well knowing that the said property had been feloniously taken and carried away; against the peace," &c. There was no demurrer to the indictment, nor motion in arrest of judgment, and the case

[Holt v. The State.]

is brought up on exceptions reserved during the trial, which require no special notice.

CLARKE & WEBB, and GREG. L. & H. T. SMITH, for appellant.—The indictment is fatally defective, and the objection to it may be raised in this court for the first time. It ought to have negatived an intention to restore the property to the owner, and the omission to do so is not cured by the use of the word *feloniously,* the offense charged being only a misdemeanor.—Code, § 3794; *Sellers v. State,* 49 Ala. 359; *Davis v. State,* 68 Ala. 65; *McCord v. State,* 79 Ala. 270; *Eubanks v. State,* 17 Ala. 181; *Beasley v. State,* 18 Ala. 535; *United States v. Forrest,* 3 Cranch, C. C. 61; 1 Bish. Crim. Pro., §§ 277, 280; 4 Amer. & Eng. Encyc, 743–6; 34 N. H. 510; 7 Mass. 245; 3 Mass. 254; 3 Vt. 344; 2 Md. 376; 13 Wend. 159; 1 L. Raym. 711; 3 Salk. 193; 7 Serg. & R. 423.

W. L. MARTIN, Attorney-General, for the State.

CLOPTON, J.—The general rule in criminal pleading requires, that every fact and circumstance, which enters into and constitutes an essential ingredient of the offense, shall be set forth in the indictment; otherwise no offense is charged. If the indictment is framed under a statute, which defines the offense created, and prescribes its constituents, it must allege in the words of the statute, or other words equivalent in meaning, all the statutory elements which are essentially descriptive of the offense.—*Davis v. State,* 68 Ala. 58; *McCord v. State,* 79 Ala. 269.

The appellant was indicted and convicted under section 3794 of the Code of 1886, which declares: "Any person who buys, receives, conceals, or aids in concealing any personal property whatever, knowing that it has been stolen, and not having the intent to restore it to the owner, must, on conviction, be punished as if he had stolen it." Under the statute, the intent not to restore the property to the owner is an essential part of the description of the offense, which must be proved in order to convict; and whatever it is necessary to prove, must be alleged with certainty and precision. *McCord v. State, supra.*

The indictment omits to set forth the particular intent contained in the statute; but charges, in the several counts, that the defendant *feloniously* bought, received, concealed,

[Golson v. The State.]

or aided in concealing the property, knowing it to have been stolen. When the words of the statute are not strictly pursued, words conveying the same meaning, having as full signification, must be employed. The mere act of buying, receiving, or concealing property, knowing it to have been stolen, is not, of itself, the offense denounced by the statute. It must be done with *the intent not to restore the property to the owner.* Without such intent, the act can not be felonious. The term *feloniously,* as employed in the indictment, is merely the statement of the legal result of the facts, including the intent, prescribed by the statute. In such case, the statement of a legal result is insufficient. Under a statute which contained the following description of the offense—"who shall buy, conceal, or receive any stolen goods and chattels, knowing the same to be stolen, with intent to defraud the owner"—it was held that an indictment, which omitted to state that the defendant received the goods *with the intent to defraud the owner,* was defective, though it alleged he had feloniously received them, knowing them to be stolen.—*Pelts v. State,* 3 Blackf. 28. The use of the term *feloniously* does not supply the omission to allege "not having the intent to restore the property to the owner." *United States v. Forrest,* 3 Cr. C. C. 56; *State v. Comfort,* 5 Mo. 357.

Reversed and remanded.