(78 South. 321)

MASON v. STATE. (1 Div. 263.)

(Court of Appeals of Alabama. March 12, 1918.)

1. CRIMINAL LAW ☞1116 — APPEAL—RECORD—SHOWING ERROR.

The record, showing but one indictment containing only a single count, shows no error in overruling motion to require state to elect "which count * * * it would rely on for conviction."

2. CRIMINAL LAW ☞1088(11) — APPEAL — RECORD—REFUSED CHARGES.

Special requested charges set out in the record as refused, not being marked "refused" and signed by the trial judge, as required by Code 1907, § 5364, as amended by Acts 1915, p. 815, are not part of the record.

3. CRIMINAL LAW ☞448(8) — EVIDENCE — FOOTPRINTS.

Evidence that the track leading toward the pasture, where the stolen cows were chained appeared to have been made by a shoe without a heel was unobjectionable.

4. CRIMINAL LAW ☞531(3) — INCULPATING STATEMENTS — PREDICATE — EVIDENCE OF CORPUS DELICTI.

Some evidence tending to prove the corpus delicti is sufficient for admission, against objection that it had not been proved, of defendant's inculpating statements.

Appeal from Circuit Court, Washington County; Ben D. Turner, Judge.

Isaiah Mason was convicted of larceny of cows, and appeals. Affirmed.

Joe M. Pelham, Jr., of Chatom, for appellant. F. Loyd Tate, Atty. Gen., and David W. W. Fuller, Asst. Atty. Gen., for the State.

BROWN, P. J. [1] Much is said in argument about the trial of the defendant on more than one indictment charging separate and distinct offenses having no relation to each other, but the record proper before us shows but one indictment containing a single count charging the defendant with the larceny of two cows, the property of Callie Mason, and but one judgment on the verdict of the jury pronouncing the defendant's guilt. In view of this state of the record, the defendant's motion to require the state to elect "which count of the indictment it would rely on for conviction" was overruled without error. Ashley v. State, 3 Ala. App. 84, 57 South. 1027.

[2] The special charges requested by the defendant and set out in the record as refused charges were not indorsed "refused" and signed by the trial judge, as required by the statute, and are not a part of the record. Code 1907, § 5364, as amended by Acts 1915, p. 815; Birch v. Ward, 200 Ala. 118, 75 South. 567; Mobile Lt. & Ry. Co. v. Thomas, ante, p.

313, 77 South. 463. Moreover, these charges as transcribed in the record appear to have all been written on one sheet of paper, and jointly considered and acted on by the court. Birch v. Ward, supra.

[3] The testimony of the witness Ed Scott that the track leading toward the pastures where the cows were chained appeared to have been made by a shoe without a heel was not objectionable, and the ruling of the court with respect thereto was free from error. White v. State, 12 Ala. App. 160, 68 South. 521.

[4] There was some evidence tending to prove the corpus delicti, and the objection to the testimony of Jim Williams as to inculpating statements made by the defendant was properly admitted over defendant's objection that the corpus delicti had not been proven (Daniels v. State, 12 Ala. App. 119, 68 South. 499), and the predicate was sufficient (Fortner v. State, 12 Ala. App. 179, 67 South. 720). It sufficiently appears from the testimony of the witnesses Jim Williams and Carten Williams that the inculpating statements related to the lot of cattle in the pasture, among others the cows of Callie Mason described in the indictment, and the motion to exclude this evidence was properly overruled.

We have examined all the questions presented, and find no reversible error in the record.

Affirmed.