(111 So. 648)

### MILLER v. STATE.   (6 Div. 959.)

(Court of Appeals of Alabama.   Jan. 11, 1927.
Rehearing Denied March 8, 1927.)

**1. Criminal law** &=686(2)—**Permitting state, after closing, to recall witness to supply proof of time laid in indictment, held discretionary (Code 1923, § 9490).**

In prosecution for manufacturing whisky, where, after state closed, defendant declined to offer testimony and moved for general affirmative charge because state failed to prove time laid in indictment, permitting state to recall witness and supply proof thereof *held* discretionary, in view of Code 1923, § 9490.

**2. Intoxicating liquors** &=233(2)—**Permitting state witness to testify he took seized whisky to sheriff's office, and deputy to testify as to its disposal, held not error.**

In prosecution for manufacturing whisky, where state witness testified he seized two-gallon jug of whisky at still, it was permissible for him to testify he turned whisky over to deputy sheriff, and for deputy to testify as to its disposal in corroboration.

**3. Witnesses** &=344(1)—**That state witness did not immediately swear out warrant for defendant, seen at the still, held immaterial as not affecting credibility.**

In prosecution for manufacturing whisky, that state's witness did not swear out warrant for defendant immediately after he saw defendant at the still *held* immaterial as not affecting witness' credibility.

**4. Criminal law** &=338(1)—**That state witness said to man examined by defendant, "I think you are going to stand by me," held irrelevant.**

In prosecution for manufacturing whisky, that, during term of court at which defendant was tried, one state witness said to man examined by defendant, "I think you are going to stand by me and not flicker on me," *held* irrelevant; it not being shown remark related to prosecution.

**5. Witnesses** &=361(1)—**Testimony as to general good character of another that witness thought he would believe him on oath held not reversible error.**

Testimony of character witness as to general good character of another that he thought he would believe him on oath in court, *held* not reversible error.

**6. Criminal law** &=753(2)—**Refusal of affirmative charges is not error, where evidence is in conflict.**

In criminal prosecution, refusal of affirmative charges is not error where evidence is in conflict.

**7. Criminal law,** &=813—**Refusal of abstract charges is not error.**

In criminal prosecution, refusal of abstract charges is not error.

**8. Criminal law** &=814(17)—**Refusal of charge on circumstantial evidence held not error, where evidence in case was positive.**

In prosecution for manufacturing whisky, where evidence was positive and not circumstantial, refusal of charge on circumstantial evidence was not error.

**9. Criminal law** &=776(4)—**Charge, if jury believed defendant was man of good character, then presumption was he would not commit crime, held properly refused as misleading.**

In prosecution for manufacturing whisky, charge that, if jury believed defendant was man of general good character, then there was presumption that he would not commit crime charged, *held* misleading, and its refusal was not error.

#### On Rehearing.

**10. Criminal law** &=829(1)—**Requested charge that defendant was entitled to same consideration as in other cases held covered by charge given.**

Refusal of requested charge that one charged with violation of the prohibition law is entitled to same consideration as one charged with other crime *held* not error, where it was substantially covered by given charge and in view of court's rulings.

Appeal from Circuit Court, Blount County; Woodson J. Martin, Judge.

Foy Miller was convicted of manufacturing whisky, and he appeals.   Affirmed.

These charges were refused to defendant:

"(2) The court charges the jury that one charged with the violation of the prohibition law is entitled to the same consideration as one charged with murder or any other crime."

"(7) The court charges the jury that, no matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act charged, then the defendant is not shown to be guilty by that high degree of proof the law requires."

"(8) The court charges the jury that, in prosecutions of the nature of the one that this defendant is now being prosecuted, after considering all the testimony in this case you believe this defendant is a man of general good character, then there is a presumption of law that the defendant, being of such character, he would not commit such a crime as the one with which he is charged."

Ward, Nash & Fendley, of Oneonta, for appellant.

Charge 2 states a correct proposition of law, and should have been given at defendant's request.   Moon v. State, 19 Ala. App. 176, 95 So. 830; Berry v. State, 20 Ala. App. 102, 100 So. 922; Clark v. State, 18 Ala. App. 217, 90 So. 16; Ammons v. State, 20 Ala. App. 283, 101 So. 511.   Counsel discuss other

---

&=For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

questions, but without citing additional authorities.

Harwell G. Davis, Atty. Gen., for the State.

The evidence was sufficient to sustain a conviction; the affirmative charges were properly refused. Lakey v. State, 20 Ala. App. 78, 101 So. 537. Charge 7 is abstract and misleading. Latner v. State, 20 Ala. App. 180, 101 So. 522. The court did not err in allowing the state to prove the time of the offense after its case had been rested. Code 1923, § 9490.

SAMFORD, J. [1] After the state had closed its evidence, the defendant declined to offer testimony, and requested the court to give in his behalf the general affirmative charge, stating the grounds therefor to the court to wit, that the state had failed to prove the time laid in the indictment. The court refused this charge, and, over the objection and exception of defendant, permitted the state to recall a witness and to supply this proof. This was in the discretion of the court. Code 1923, § 9490.

[2, 3] The principal state's witness having testified that he captured a two-gallon jug of whisky at the still where defendant was working, it was permissible for him to testify that he took this whisky to the sheriff's office and turned it over to the chief deputy, and for the deputy to testify as to its disposal, in corroboration of the testimony of the principal witness. The fact that the principal state's witness did not "swear out" a warrant for defendant immediately after he had seen defendant at the still is irrelevant and immaterial. Such fact could not affect the credibility of the testimony of such witness.

[4] The fact, if it be a fact, that during the term of the court at which defendant was being tried, one of the state's witnesses in this case said to a man examined by the defendant, "Old boy, I think you are going to stand by me, and not flicker on me like your daddy did," was not relevant as testimony. It was not shown that this remark related to this case; on the contrary, the witness said that the conversation in which the remark was used was "not about this case in particular."

[5] The expression in the testimony of a character witness, who had testified to the general good character of another that "I think I would believe him on oath in a court of justice," is not error upon which to predicate a reversal. Such answer is not in the technical language usual in such examination, but is equivalent to saying that to the best of the witness' judgment he would believe the witness about whom he was then testifying.

[6] Refused charges 1, 3, and 4, were affirmative charges, and, the evidence being in conflict, were properly refused. Lakey v. State, 20 Ala. App. 78, 101 So. 537.

[7, 8] Refused charges 5 and 6 were abstract, and refused charge 7 has no application in a case where the evidence is positive and not circumstantial.

[9] Refused charge 8 is bad in that it is misleading.

We find no error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

[10] Refused charge 2 was substantially covered in given charge 4. Moreover the proposition of law stated in this charge, while axiomatic, was used in the opinion in Moon's Case, 19 Ala. App. 176, 95 So. 830, arguendo. When requested in a written charge, its refusal will not constitute reversible error, unless the court by its rulings has so instructed the jury as to render it necessary. Again the refusal of this charge 2, is without injury to the substantial rights of defendant in this case, as a reading of the entire record discloses that the defendant was given the same consideration in the court's rulings as if he had been on trial for any other crime.

The application is overruled.