(117 So. 489)

## DOWDY v. STATE. (8 Div. 700.)

Court of Appeals of Alabama. June 19, 1928.

Bradshaw & Barnett, of Florence, and H. H. Hamilton, of Russellville, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, J. Appellant was convicted of the offense of embezzlement, fined one cent, and sentenced to serve two days' imprisonment in the county jail of Franklin county.

It appears that appellant was put to trial on a charge, stated in the form of an affidavit made before the clerk of the court—this in pursuance of the terms of a local law permitting such procedure (Local Acts Ala. 1923, p. 272)—said affidavit charging that he, "being at the time an employee of the Carter Grocery Company, a corporation organized under the laws of Alabama, embezzled or fraudulently converted to his own use money to about the amount of $14.31, the property of said corporation which had come into his possession by virtue of this employment," etc. The section of the Code (Code 1923, § 3960) denouncing the offense sought to be charged in this affidavit provides, pertinently, that—

"Any officer, agent, or clerk of any incorporated company * * * who embezzles or fraudulently converts to his own use * * * any money or property which has come into his possession by virtue of his office or employment, must be punished," etc.

This court has held, in consonance with prior holdings of the Supreme Court that "a mere servant or employee of an incorporated company who converts money or property coming into his possession by virtue of his employment would not be guilty of embezzlement" under the Code section above referred to. Also that the fact "that the defendant is an officer, agent, or clerk of an incorporated company is one of the essential elements of the offense sought to be charged," and the omission of this essential element of the offense in the charge will be taken notice of by this court, even in the absence of a demurrer to the indictment (or, as in this case, to the complaint by affidavit). The defect being of substance and involving an element of the offense, the indictment (affidavit) will not support a judgment. Collins v. State, 16 Ala. App. 176, 76 So. 413; Mehaffey v. State (Ala. App.) 75 So. 647; Raisler v. State, 55 Ala. 64; State v. Nix, 165 Ala. 126, 51 So. 754.

In view of the law as it is established by the decisions in the cases just cited, it is apparent that the judgment here appealed from must be reversed because of the fatally defective affidavit upon which appellant was tried. This renders it unnecessary to consider the action of the trial court in overruling appellant's motion to set aside the verdict of the jury on the ground that it was against the great weight of the evidence. We believe, though, it may not be out of place to say that a reading of the testimony convinces us that the prosecution may be termed more or less trivial. Both the jury and the learned trial judge seemed, as witnessed by the nominal punishment imposed by them respectively, to hold this view. And if on another trial the evidence points no more conclusively to the guilt of appellant than is shown by the record on the present appeal, it would seem that no court should permit a verdict of conviction to stand.

Reversed and remanded.