165 So. 97

## BERRY v. STATE.

### 1 Div. 900.

Supreme Court of Alabama.

Dec. 19, 1935.

Rehearing Denied Jan. 23, 1936.

Granade & Granade, of Chatom, for appellant.

A. A. Carmichael, Atty. Gen., for the State.

KNIGHT, Justice.

The appellant, Wesley Berry, was indicted by the grand jury of Washington county, at the second or fall term of said court, in 1933, for the offense of murder in the first degree. On his trial for said offense he was convicted by the jury of murder in the highest degree, and his punishment fixed at imprisonment in the penitentiary for life. Upon this verdict the defendant was duly sentenced by the court to imprisonment in the penitentiary of this state for the term of his natural life, and he appeals.

The record proper is in all respects regular, showing due organization of the court, indictment in proper form, duly returned into court by the grand jury, proper arraignment, setting of a day for the trial of the case, drawing and summoning of a special venire, and due service of said venire and of a copy of the indictment upon the defendant, in all respects as required by law. We find no errors upon the record proper.

The indictment charges that the defendant, along with four other named persons, unlawfully and with malice aforethought killed Abe Baxter. In the first count, it charges that the killing was accomplished by shooting the deceased with a gun; while in the second count, it is charged that the weapon used was a piece of wood.

It is first insisted by the appellant that the evidence wholly failed to establish the corpus delicti, and that, therefore, the defendant could not be convicted.

We have read and carefully considered the evidence, and are fully persuaded that the evidence offered by the state was sufficient to warrant the jury

in reaching the conclusion that the said Abe Baxter was dead, and that he came to his death, in Washington county, Ala., from gunshot wounds, or from blows upon his head, unlawfully inflicted by one or more persons. This, therefore, disposes of one of the major contentions here made by appellant.

A number of exceptions were reserved by the defendant on the admission and exclusion of evidence. Each exception has been considered by us, and we are of the opinion that, in this respect, the rulings of the·trial court were free from error. Many of these exceptions were based upon the idea that the state had failed to produce sufficient evidence to establish the corpus delicti. Our conclusion that, in this contention, the appellant is in error, necessarily disposes of such exceptions adversely to the appellant.

■ So far as objections made to the introduction in evidence of statements alleged to have been made by the defendant while in jail, or in the custody of the officers, the bill of exceptions shows that, in each instance, the requisite proof was made to the court, before admitting the statement showing that the statements were voluntary, and were not superinduced by threats, offers of reward, or by any kind of inducements held out to him. This evidence was sufficient to render the incriminatory statements, if in fact they were incriminatory, admissible. There was no error, therefore, in such rulings of the court.

It is insisted that the court committed error in not allowing the defendant to ask Eugene Mizelle, jointly indicted with the defendant, and a confessed accomplice in the crime, and who had testified for the state, a number of questions, to show that this witness for the state had testified because of inducements held out to him by the solicitor. This testimony was sought to be introduced to enable the jury to properly determine the weight they should give to the evidence of the witness.

■ While it may be that the court should have allowed the defendant to ask one or more of the questions with reference to the "low bond" allowed the witness, yet we are of the opinion that the defendant was not prejudiced thereby, as the bill of exceptions shows the court did allow defendant to prove that he was allowed a "low bond," with the approval of the solicitor. We think this was sufficient to serve the purposes for which the testimony was offered.

We are persuaded that this fully met the purposes in the mind of the attorney for the defendant, for it appears that the court then stated to counsel for defendant: "The court gives the defendant the opportunity to ask him (the witness) if any inducement was offered for his testifying or if he was offered a low bail for his testifying." The bill of exceptions then immediately recites that "defendant refused to be directed or led by the court," and reserved an exception.

■ There was manifestly no error on the part of the court ·in sustaining objections of the state to the several questions propounded by defendant to his witness Nollie Mizelle, in an effort to show that the state's witness Eugene Mizelle was of unsound mind. The witness was not an expert on mental diseases, and the questions were patently subject to the objections interposed. Dominick v. Randolph, 124 Ala. 557, 27 So. 481; Burney v. Torrey, 100 Ala. 157, 172, 14 So. 685, 46 Am.St.Rep. 33; Vaughn v. Vaughn, 217 Ala. 364, 116 So. 427; Wear v. Wear, 200 Ala. 345, 76 So. 111.

It is also earnestly insisted by appellant that the witness Eugene Mizelle, who testified for the state, was an accomplice, and that therefore no conviction could be had upon his uncorroborated evidence.

It is. quite true this witness was an accomplice, and that under section 5635 of the Code no conviction could be had upon his testimony standing alone and uncorroborated by other evidence tending to connect the defendant with the commission of the offense.

■ Whether or not there was *any evidence* corroborating the accomplice witness, and tending to connect the defendant with the commission of the offense, was a question of law to be determined by the court; but its probative force and sufficiency, along with the testimony of the accomplice to establish the defendant's guilt beyond a

reasonable doubt, were questions for the jury. Smith v. State, 230 Ala. 413, 161 So. 538; Read v. State, 195 Ala. 671, 71 So. 96; Doss v. State, 220 Ala. 30, 123 So. 231, 68 A.L.R. 712; Lindsey v. State, 170 Ala. 80, 54 So. 516.

 The testimony relied upon to corroborate the accomplice must, of course, tend to connect the defendant with the commission of the offense; but it is not essential that it should refer to "any statement or fact testified to by the accomplice." The purpose of the corroboration is not necessarily to prove the defendant is guilty, but to strengthen the credibility of the testimony of the accomplice. If the corroborating testimony strengthens the probative incriminatory force of the accomplice's testimony, and tends to connect the defendant with the commission of the offense, it is sufficient to warrant the submission of the issue involving guilt or innocence to the jury. Smith v. State, supra; Malachi v. State, 89 Ala. 134, 8 So. 104.

There was some testimony in the case tending to corroborate the evidence of the accomplice Eugene Mizelle, but whether it was sufficient to warrant a conviction of the defendant is not presented here in such way as to authorize this court to pass upon the question. The question of the insufficiency of the evidence to warrant a conviction should have been raised by a proper charge.

There is copied in the record certain charges, but these charges bear no proper evidence that they were ever presented to, and refused by, the trial court. Among these charges is what purports to be the general affirmative charge in favor of the defendant. None of defendant's requested charges, so far as the record shows, were authoritatively indorsed "refused" or "given" by the trial judge, as required by the statute, and the mere statement of the clerk to this effect is not authorized by the statute. Stinson v. State, 223 Ala. 327, 135 So. 571; Birch v. Ward, 200 Ala. 118, 75 So. 566; Batson v. State, ex rel. Davis, 216 Ala. 275, 113 So. 300.

Section 9509 of the Code, among other things, provides: "Charges moved for by either party must be in writing, and must be given or refused in the terms in which they are written; and it is the duty of the judge to write 'given' or 'refused,' as the case may be, on the document, and sign his name thereto; *which thereby becomes a part of the record."* (Italics supplied.) It requires this indorsement of the trial judge to make the given or refused charges a part of the record. The fact that the clerk inserts the charges in the record does not make them a part of the record, unless they bear the indorsement of the trial judge, as having been given or refused by him. We cannot, therefore, consider the charges which appear in the record, but which show no indorsement of the trial judge as having been refused to defendant.

There also appears in the record, but not in the bill of exceptions, what purports to be exceptions by defendant to certain portions of the court's oral charge. We cannot consider such exceptions. In order to secure review on appeal of such exceptions, the same should have been shown by the bill of exceptions. Diamond v. State, 219 Ala. 674, 123 So. 55.

The record proper and the bill of exceptions do not disclose any reversible error, and the judgment of the circuit court is accordingly affirmed.

Affirmed.

THOMAS, BOULDIN, and BROWN, JJ., concur.