182 So. 81

## LIKOS v. STATE.

### 7 Div. 322.

Court of Appeals of Alabama.
March 8, 1938.

Rehearing Denied April 5, 1938.

Affirmed on Mandate June 7, 1938.

Motley & Motley, of Gadsden, for appellant.

A. A. Carmichael, Atty. Gen., and B. W. Simmons and Silas C. Garrett, III, Asst. Attys. Gen., for the State.

232

. BRICKEN, Presiding Judge.

The points of decision involved upon this appeal are identical to the questions considered and decided by this court in the case of George Mastoras v. State, 180 So. 113. Upon the authority of Mastoras v. State, supra, the judgment of conviction from which this appeal was taken is reversed and the cause remanded.

Reversed and remanded.

## On Rehearing.

The sole question involved upon this appeal, is the sufficiency of count 1 of the indictment. It is conceded that the verdict of the jury eliminated the second count.

■ Count 1 is fatally defective and void in failing to charge an offense. Under the statute an indictment must state the facts constituting the offense in ordinary and concise language, and in such manner as to enable a person of common understanding to know what is intended, and with that degree of certainty which will enable the court, on conviction, to pronounce the proper judgment. By no stretch of imagination could it be said that this statutory requirement has been complied with. In the first instance, from the terms of the indictment, it would be a physical impossibility for the accused to know with what offense he was charged, and render it possible for him to prepare and present a defense thereto, and certainly no court, in the absence of other information, could on conviction be able to pronounce the proper judgment. The purpose of our laws is in effect that the punishment should fit the crime; that is to say, for a minor offense, a minor punishment, only, should be inflicted. For a more serious offense a heavier punishment would be but proper, etc. In the event that a defendant should interpose a plea of guilty to an indictment as the one under discussion, how could the court be able to pronounce a proper judgment, and inflict a punishment commensurate with the crime. An indictment of this character could be made to apply to the keeper of a notorious gambling establishment, wherein unlimited sums of money and other things of value could be wagered; and, on the other hand, could likewise apply to an inoffensive game of chance, wherein the sum of 1 penny or like amount might be involved in a game some times called "African Golf," or, perhaps better known

as "craps," often indulged in by inoffensive little darkies whose combined wealth would probably amount to the sum total of 10 cents. As to these divergent illustrations, and others of like character, no one would contend that on conviction the same severity of punishment should be inflicted by the trial tribunal.

The judgment of this court in the instant case was based upon the authority of the case of George Mastoras v. State, Ala.App., 180 So. 113,[1] and in said case on certiorari to the Supreme Court, 180 So. 115,[2] the count in question was by that court held to be bad, and in the opinion of the Supreme Court, rendered on certiorari, in the Mastoras Case, the Supreme Court announced a proper form for an indictment in a case of this character. There is no similarity in count 1, under discussion, and the form prescribed in said opinion.

In all criminal prosecutions our fundamental law, section 6, Const.1901, provides that the accused has the right to demand the nature and cause of the accusation against him, etc. Section 4529 of the Code 1923, makes the same provision, and the appellate courts of this state have consistently so held. It is not provided, or contemplated, that a person accused of crime shall be required to embark upon a sea of fathomless uncertainty, or to delve into impenetrable clouds of conjecture in order to ascertain and be advised of the nature of the crime with which he is charged, and hence required to answer and defend.

A general form of indictment, like that here presented, would not with any degree of certainty inform the accused of what was intended. The only information it affords him is that he is accused generally of some offense; there is nothing in the count of the indictment tending in the least to meet the mandatory and necessary requirement of the Constitution, statute, supra, and the uniform holdings of the appellate courts.

■ The defect, here under discussion, being of substance and involving an element of the offense, the indictment will not support a judgment, and it is the duty of this court to notice it, although no objection was taken to the indictment in the trial court. Raisler v. State, 55 Ala. 64; Mehaffey v. State, 16 Ala.App. 99, 75 So. 647; Dowdy v. State, 22 Ala.App. 514, 117 So. 489; Slater v. State, 230 Ala. 320, 162

[1] Ante, p. 123.    [2] 235 Ala. 519.

So. 130; 'Ethridge v. State, 26 Ala.App. 600, 164 So. 397.

Application for rehearing overruled.

PER CURIAM.

Affirmed on authority of Likos v. State, Ala.Sup., 236 Ala. 77, 182 So. 82.