182 So. 83

## JACKSON v. STATE.

### 7 Div. 513.

Supreme Court of Alabama.

May 12, 1938.

A. A. Carmichael, Atty. Gen., and Silas C. Garrett, III, Asst. Atty. Gen., for the State.

Motley & Motley, of Gadsden, for respondent.

.76

BROWN, Justice.

The defendant was indicted and convicted of the offense denounced by section 3 of Act No. 671, approved July 25, 1931, entitled "An Act To Suppress The Evils Of Gambling Devices," etc., Gen.Acts 1931, pp. 806–809.

The language of the indictment is: "The Grand Jury of said County charges that before the finding of this Indictment Rube Jackson whose name is unknown to the Grand Jury otherwise than as stated, did possess, keep, own, set up, operate, or conduct, or did permit to be set up, operate, or conducted, a gambling device, contrary to law."

Without objection, by demurrer or otherwise, the defendant went to trial on said indictment, and on the trial, was, by the verdict of the jury, found guilty "as charged in this indictment" and his fine fixed at $172.

The judgment of conviction was entered upon said verdict, and he was sentenced to hard labor for payment of the fine and costs.

On his appeal the Court of Appeals reversed, on the authority of Likos v. State, Ala.App., 182 So. 81, holding that a like indictment was void and would not support the judgment of conviction.

The opinion of the court in the Likos Case was rested on Raisler v. State, 55 Ala. 64; Mehaffey v. State, 16 Ala.App. 99, 75 So. 647; Dowdy v. State, 22 Ala.App. 514, 117 So. 489, and Slater v. State, 230 Ala. 320, 162 So. 130.

In Raisler's Case the court, speaking by Justice Stone, observed: "The indictment in this case is fatally defective, under section 3618 of the Revised Code [1867]. That section prohibits the sale of vinous or spirituous liquors in quantities less than a quart, without license. The present indictment is framed in the disjunctive, and charges that the defendant 'sold, bartered, exchanged, or otherwise disposed of, * * vinous, or malt liquors,' etc. Several of these disjunctive averments charge no offense known to the law. The indictment thus charges that the defendant did one of several acts, many of which are not indictable under the statute. A disjunctive averment in pleading, to be sufficient, must, in each of its alternative phases, charge an indictable offense." Andrews & Bros. v. McCoy, 8 Ala. 920, 42 Am.Dec. 669; Lucas v. Oliver, 34 Ala. 626; David v. Shepard, 40 Ala. 587.

It is due to the circuit judge that we should say, the sufficiency of the indictment does not appear to have been brought to his attention.

The Court of Appeals (the writer being the author of the opinion as judge of that court) in Mehaffey v. State, supra, and Collins v. State, 17 Ala.App. 186, 84 So. 417, followed the Raisler Case, holding that it was the duty of the court on appeal to notice the defects in the indictment, though no objection thereto had been made on the trial. This court, reviewing the Collins Case on certiorari, in Ex parte State, State v. Collins, 200 Ala. 503, 76 So. 445, overruled Raisler v. State, supra, and reversed the Court of Appeals.

The effect of that decision was to disapprove the holding in Mehaffey's Case.

Notwithstanding the overruling of the Raisler Case, the Court of Appeals in the subsequent case of Dowdy v. State, supra, again cited with approval the Raisler and Mehaffey Cases. That is not to say that the Dowdy Case was not correctly decided, but merely to note that the Court of Appeals undoubtedly overlooked the fact that Raisler v. State, supra, had been overruled.

The language of section 3 of the act under which the indictment was drawn, is: "That it shall be unlawful for any person, firm, corporation or association of persons, within this State, to possess, keep, own, set up, operate, or conduct, or permit to be set up, operated, or conducted, any gambling device prescribed in Section 1 of this Act, at any place whatsoever."

The violation of the act, by section 4 thereof, is made a misdemeanor "punish-

able by a fine of not more than five hundred dollars, to which, at the discretion of the court or judge trying the case, may be added imprisonment in the county jail, or confinement at hard labor for the county, for not more than six months." General Acts 1931, p. 807.

■ The indictment follows substantially the language of the statute, and though it is subject to the demurrable defect that it does not with certainty to a particular intent describe the gambling device, it charges every element of the offense, and does not embrace an act not denounced by the statute, and is sufficient, in the absence of appropriate objections, to support the judgment of conviction. Gaines v. State, 146 Ala. 16, 41 So. 865; Hornsby v. State, 16 Ala.App. 89, 75 So. 637.

In Slater v. State, supra, it was observed (page 131): "The prohibition law of Alabama is embodied in chapter 167 of the Code, consisting of 16 Articles, sections 4615 to 4800, inclusive [185 sections], together with legislative acts since the adoption of the Code of 1923," and we add now, dealing with various and sundry acts, some of which are made "misdemeanors and other felonies." Certain it is, therefore, that a blanket charge of "violating the prohibition law" is too general to inform the court and the parties as to the nature of the charge.

■ An indictment, to be free of demurrable defects, should describe the gambling device by name, or in the language of one of the subdivisions of section 1 of the act as a "machine, mechanical device, contrivance, appliance or invention, * * * in the use of which * * * there is gambling or the hazarding of small amounts of money or property to win larger amounts of money or property," etc.

The judgment here is that the Court of Appeals erred in holding that the indictment was not sufficient to sustain the judgment of conviction, and the judgment of that court is reversed and the case is remanded.

Writ of certiorari granted.

Reversed and remanded to the Court of Appeals.

All the Justices concur.