388

Earle Montgomery, of Talladega, for appellant.

Wm. N. McQueen, Atty. Gen., and Willard W. Livingston, Asst. Atty. Gen., for the State.

26 So.2d 423

## JACKSON v. STATE.

### 7 Div. 837.

Court of Appeals of Alabama.

June 4, 1946.

CARR, Judge.

The indictment in this case charges the appellant with the offense of murder in the second degree, more specifically that "Sam Jackson unlawfully and with malice aforethought killed Emma Jones by running an automobile over, upon or against her but without premeditation or deliberation * * *."

The trial in the court below resulted in the conviction of the defendant for manslaughter in the second degree.

The testimony for the State tended to show: Appellant was driving an automobile along a public highway; the defendant and the driver of another automobile were racing at a high rate of speed; appellant was in the rear and just as the lead car passed the home of the deceased it wrecked; the deceased stepped to the edge of the left side of the road with respect to the direction appellant was traveling and immediately was fatally struck by the car driven by appellant.

The appellant, as a witness in his own behalf, denied that he was racing, but did admit that he was driving at a rate of about 40 or 45 miles per hour.

The physical facts with reference to the location of defendant's car, the distance the body of the deceased was carried, and the skid marks of the appellant's automobile tires bore evidence that the defendant was driving in a reckless manner at the time of the fatal injury.

The only requested written instruction was the general affirmative charge in appellant's behalf. The record does not show that this charge was endorsed "refused" by the trial court. It is therefore, not properly presented for review. Code 1940, Title 7, § 273; Mason v. State, 16 Ala.App. 405, 78 So. 321; Berry v. State, 231 Ala. 437, 165 So. 97.

We are free to observe, however, that the evidence presented a jury question.

The only other question presented by the record that merits treatment arises out of an exception to the ruling of the court to the introduction of a map or sketch. The map was drawn by one of the officer-witnesses, who was on the scene forthwith after the collision resulting in the immediate death of the deceased and who testified that the drawing correctly portrayed the locations and surroundings at the place of the injury as he found them.

The sketch was used freely by reference during the examination of several witnesses, and there nowhere appears in the evidence any question of its correctness or any conflict as to its accuracy. We cannot charge error here. Harrison v. Mobile Light & R. Co., 233 Ala. 393, 171 So. 742. See, also, Jones v. State, 23 Ala.App. 395, 126 So. 178.

The case was tried free from error. The judgment of the lower court is ordered affirmed.

Affirmed.