53 So.2d 397

## FENDLEY v. STATE.

7 Div. 15.

Court of Appeals of Alabama.

April 10, 1951.

Rehearing Denied April 24, 1951.

Remanded for Sentence June 29, 1951.

Roy D. McCord, of Gadsden, for appellant.

Si Garrett, Atty. Gen., and M. Roland Nachman, Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was tried and convicted in the court below of violating the prohibition law.

The evidence for the State tended to show that the defendant had illicit whiskey in his possession.

Incident to the introduction of the evidence, the court did not at any time rule against the position of the appellant's attorney.

The general affirmative charge was not requested in defendant's behalf, neither was a motion for new trial filed.

 We have often held that our appellate review is confined to those questions which are raised at nisi prius. Kornegay v. State, 34 Ala.App. 274, 38 So.2d 606; Parcus v. State, 19 Ala.App. 592, 99 So. 662.

The rule provides that written charges must be marked "given" or "refused" and signed by the trial judge. The written instructions in the instant case do not bear such endorsements. Title 7, Sec. 273, Code 1940; Berry v. State, 231 Ala. 437, 165 So. 97; Gable v. State, 31 Ala. App. 280, 15 So.2d 594.

At the time the appellant was before the court for sentence, over objections, the judge allowed the solicitor to make proof by the court records that at a prior time the defendant pleaded guilty to violating the prohibition law.

It was proper to bring to the attention of the court the fact of a previous conviction in order that there might be a compliance with Section 99, Title 29, Code 1940. Johnson v. State, 222 Ala. 90, 130 So. 777.

The judgment below is ordered affirmed. Affirmed.

### Supplemental Opinion

PER CURIAM.

After the Supreme Court denied certiorari in this cause, we observe that the judgment entry fails to show that the defendant was sentenced for the fine and costs. This is required. Crane v. State, 33 Ala.App. 284, 32 So.2d 784.

The judgment below stands affirmed, but the cause is remanded to the court below for proper sentence.

Affirmed. Remanded for proper sentence.