89 So.2d 227

### Rita GILCRIST

v.

### STATE.

#### 6 Div. 411.

Court of Appeals of Alabama.

June 19, 1956.

Rehearing Denied Aug. 14, 1956.

543

Esdale & Lair, Birmingham, for appellant.

John Patterson, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appeal is on the record proper, a judgment of guilty having been rendered on appellant's plea of guilty in the court below.

The cause was affirmed, without an opinion on 19 June 1956.

Counsel for appellant in brief in support of an application for rehearing asserts that the complaint is void and therefore cannot support the judgment of guilty.

The complaint against this appellant charged that she "within twelve months before making this affidavit, in said County did possess within Jefferson County, Alabama, a machine, mechanical device, contrivance, appliance or invention, slip, ticket, equipment, paper, writing, or other device whatever its name or character, which is customarily or usually used in the operation of a lottery, policy game, or other game of chance of any sort or kind, against the peace and dignity of the State of Alabama."

Concededly the complaint is defective. However it is not void, in that that portion of the complaint charging the appellant with possessing "a machine, mechanical device, contrivance, appliance—customarily used—in the operation of a game of chance of any sort or kind," substantially followed Sections 283 and 284, Title 14, Code of Alabama 1940, relating to the suppression of gambling devices, and in the absence of any objection is sufficient to support the judgment entered on the plea of guilty. Jackson v. State, 236 Ala. 75, 182 So. 83; Likos v. State, 236 Ala. 77, 182 So. 82; Mastoras v. State, 235 Ala. 519, 180 So. 115.

Application overruled.