189 So.2d 593

**Frank SULLIVAN**

**v.**

**STATE.**

**6 Div. 158.**

Court of Appeals of Alabama.

Aug. 16, 1966.

Wm. A. Stevenson, Birmingham, for appellant.

Richmond M. Flowers, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

PRICE, Presiding Judge.

Appellant was convicted of grand larceny. His punishment was fixed at five years' imprisonment in the penitentiary.

The evidence tends to show that on January 9, 1964, the defendant approached Emma Shapard at an Ensley, Alabama,

department store and started a conversation by saying he wanted to help poor people. He said his companion had found a $10,000 bond and if she would put up $1,000 good faith money he would take the bond to his employer who would return her money and would also cash the $10,000 bond and divide its proceeds among the defendant, Emma Shapard and defendant's companion. After this conversation defendant drove Emma Shapard to the First National Bank of Ensley where she withdrew $1,000.00. The defendant then drove to a parking lot where she gave him the $1,000, plus $20.00 that was left from a $40.00 withdrawal made earlier in the day. The defendant took the money and gave it to his companion in the back seat of the car. The defendant then told the prosecuting witness to go to a certain hardware store in Ensley where he said he worked, that his employer would tell her when they were going to cash the bond and divide the money. She started walking to the hardware store, but halfway there she became ill when she realized what she had done. She went on to the hardware store and a salesman called the police.

Police officers were called and Emma Shapard gave them a description of the men involved. The next day she was shown photographs of known "confidence" men and identified defendant from these pictures as being one of the men who took her money. An arrest order was filed and defendant was arrested on January 15th. On January 17, 1964, a lineup of suspects was held at the city jail, where Emma Shapard again identified the defendant as one of the men involved in the "flim flam."

The state introduced in evidence a bank deposit book belonging to Emma Shapard which showed withdrawls of $1,040 on January 9, 1964.

No evidence was introduced by defendant.

In Reynolds v. State, 31 Ala.App. 259, 15 So.2d 600, the following appears:

" 'It is well settled that where a person by trick or fraud, obtains possession of property, intending at the time of obtaining the property to convert it to his own use, and does so convert it, the fraud is the equivalent of a felonious taking, and the offense is larceny.'

"Or as our own Supreme Court said: 'At common law, if one secures the possession of a chattel, not the title thereto or a special property therein, by or with the consent of the owner, through a fraudulent trick or device, then intending to steal the chattel, it is larceny.' Illinois Automobile Ins. Exch. v. Southern Motor Sales Co., supra (207 Ala. 265, 92 So. 430, 24 A.L.R. 734).

\*      \*      \*      \*      \*      \*

"But, of course it must always be kept in mind that there is a clear distinction between obtaining merely the *possession* and obtaining *both* the possession and the title. In this *latter* case, the culprit could not be guilty of larceny. Murchison v. State, 30 Ala.App. 15, 199 So. 897. But in the former he *could*—and would. Savage v. State, 15 Ala.App. 168, 72 So. 694.

"However, we think the following quotation from American Jurisprudence, Volume 32, page 919, also has direct application, to wit: '\* \* \* It is recognized that there are exceptions to the doctrine that larceny by trick or fraud is not committed where the owner intends to part with title as well as possession. Even though the owner is induced to part with his title through the fraudulent procurement of one acting pursuant to a felonious design to steal, there is authority for the view that if such procurement of the title is ostensibly only for the purpose of facilitating the disposition of the property on behalf of the owner according to his

**304**

directions, which include a return of the proceeds to him, a felonious conversion of such proceeds by the perpetrators of the fraud may constitute larceny, since the owner has not parted with the right to the proceeds."

■ The state's evidence here was sufficient to go to the jury on the question of the defendant's guilt of the crime charged in the indictment and to sustain the judgment of conviction. The court properly overruled the defendant's motion to exclude the state's evidence. Reynolds v. State, supra. See also Powers v. State, 31 Ala. App. 614, 21 So.2d 282.

■ Defense counsel requested that he be permitted to look at the grand jury notes so that he might properly cross examine the prosecuting witness, Emma Shapard. The court refused the request. Later, during the cross examination of the witness the court asked the state's attorney if he examined the witness from the grand jury notes. The attorney replied that he did have the notes before him but he did not refer to them during the questioning of the witness.

The court said: "Mr. Stevenson made the request that he be allowed to see the grand jury notes before he cross examined the witness. If you were examining her from your grand jury notes, then he would have a right to inspect them. I wanted to be sure."

In Bailey v. State, 24 Ala.App. 339, 135 So. 407, the court held it was within the trial court's discretion to allow the solicitor to refer to grand jury notes in questioning a witness and to refuse to compel the solicitor to turn them over to defendant's attorney. See also Mabry v. State, 40 Ala.App. 129, 110 So.2d 250; Parker v. State, 266 Ala. 63, 94 So.2d 209.

We find no abuse of discretion here.

The judgment is affirmed.

Affirmed.